UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| PAUL EVERETT TAYLOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 5:20-cv-503-JMH-MAS |
| ) | |
| COMMONWEALTH OF KENTUCKY, ) | |
| ) | |
| Respondent. ) | |

### RECOMMENDED DISPOSITION

This matter is before the Court on Petitioner Paul Everett Taylor's ("Taylor") petition for writ of habeas corpus under 28 U.S.C. § 2254. [DE 1]. As explained below, the Court recommends the District Court dismiss the petition because his state post-conviction motion is still pending, and, therefore, he has unexhausted state remedies.

### A. PROCEDURAL BACKGROUND

Taylor pleaded guilty in Kentucky state court to several controlled substances offenses and being a persistent felony offender. [DE 1 at Page ID # 1, DE 20 at Page ID # 20]. He was sentenced in state court to a total of 20 years' incarceration on June 27, 2018. [DE 20 at Page ID # 154]. Taylor timely appealed to the Kentucky Supreme Court, which affirmed his conviction on December 19, 2019. [DE 20-2 at Page ID 161-68]. Taylor did not appeal his conviction to the United States Supreme Court; however, on May 8, 2020, Taylor collaterally attacked his conviction in Kentucky state court with his filing of a Motion to Vacate Judgment Pursuant to RCr 11.42. [DE 1-4 at Page ID # 55-91; DE 20-2 at Page ID # 169-204]. In it, Taylor claims his trial counsel was ineffective for failing to investigate, failing to call an exculpatory witness to testify, failing to adequately support the motion to suppress, and failing to defend and explain the

enhancements that would apply to Taylor's sentence when he pleaded guilty. [DE 1-4 at Page ID # 56].

On December 9, 2020, Taylor filed his § 2254 petition, asserting four grounds for relief, all of which mirror his claims of ineffective assistance of counsel set forth in his RCr 11.42 motion. Taylor acknowledged in his § 2254 petition that his RCr 11.42 motion was still pending. He asked the Court to hold his federal petition in abeyance during the pendency of his state collateral attack. Taylor was clearly concerned about his statute of limitations within which to file a § 2254, and his filing and subsequent request for a stay reflected his understanding that there was a time limit on filing his § 2254 and that his RCr 11.42 petition affected his ability to pursue § 2254 relief. The Court denied Taylor's request to hold his § 2254 motion in abeyance and required the Commonwealth to respond to the motion.

## B. ANALYSIS

The pendency of Taylor's RCr 11.42 motion renders his § 2254 petition premature, thus, it must be dismissed without prejudice. Section 2254(b)(1)(A) directs that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b)(1)(A). Whether a claim has been exhausted under available state remedies is a "threshold question" that must be addressed before deciding the merits of a petition. *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009). Though the exhaustion requirement is not jurisdictional, it is "designed to give the States and the state courts a first look at the habeas petitioner's claims." *Id*. At 1032.

The petitioner has not exhausted his state remedies if he has the right under state law to raise the question presented by "any available procedure." 28 U.S.C. § 2254(c). "This includes a

requirement that the applicant present the issue both to the state court of appeals and the state supreme court." *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Regardless of how Taylor has chosen to present his claims (two grounds for relief in this RCr 11.42 motion versus four in his § 2254 petition) the claims in his § 2254 are duplicative of the claims he raised in his RCr 11.42 motion. Thus, all of the claims in Taylor's § 2254 petition are unexhausted claims.[1] Taylor's post-conviction motion must be ruled on by the trial court, after which time the decision may be appealed to the Kentucky Court of Appeals and the Kentucky Supreme Court. Taylor's state remedies will not be exhausted until he receives a final decision through this appeals process or the time in which to appeal expires. *See Holbrook v. Curtin*, 833 F.3d 612, 619 (6th Cir. 2016) (Defendant's "federal habeas petition was timely filed because AEDPA's one-year statute of limitations was tolled during the period in which he could have, but did not, appeal the [state court] denial of his motion for post-conviction relief.").

The statute of limitations applicable to § 2254 petitions provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The effect of this provision is that post-conviction motion in state court tolls the statute of limitations within which to file a § 2254 petition in federal court. Thus, Taylor's statute of limitations within which to file his § 2254 petition has been tolled since the filing of his RCr 11.42 motion on May 8, 2020.

---

[1] The Commonwealth addresses the situation of a "mixed" petition, where the petitioner presents exhausted and unexhausted claims in the same § 2254 motion. The Court finds that this situation is not present here because Taylor's § 2254 overlaps in its entirety with his RCr 11.42 motion.

## C. CONCLUSION

For the reasons stated above, Taylor's § 2254 petition should be dismissed without prejudice based on his failure to exhaust his state remedies. Because this is not an adjudication on the merits of Taylor's claims, if Taylor files a § 2254 in the future, it should not be considered a "second or successive" petition. *Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000) ("A habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition.").

## D. CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue where a habeas petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a § 2254 petition is dismissed on procedural grounds, a Certificate of Appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Taylor's § 2254 petition should be dismissed because he admits he has not yet exhausted his state remedies.

## E. RECOMMENDATION

The Court **RECOMMENDS** that the District Judge **DISMISS** the petition [DE 1] **WITHOUT PREJUDICE** and **DENY** a certificate of appealability. Within fourteen days after being served with a copy of this decision, the parties may serve and file objections to the findings and recommendations herein for *de novo* determination by the District Court. 28 U.S.C. § 636(b)(1). Failure to make timely objections will normally result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150-51 (1985).

Entered this 9th day of May, 2022.

